UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MIGUEL FONTANEZ, Plaintiff, -v- LYNELL MAGINLEY LIDDIE, NYCDOC Commissioner, CHARISMA CARTER, Deputy Warden of RNDC, and NEW YORK CITY DEPARTMENT OF CORRECTION/R.N.D.C. BLDG., Defendants. | : | 26 Civ. 8022 (JPC) ORDER OF SERVICE |

JOHN P. CRONAN, United States District Judge:

Plaintiff Miguel Fontanez, who currently is detained at the Otis Bantum Correction Center ("OBCC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Fourteenth Amendment when they subjected him to unconstitutional conditions of confinement and failed to provide him with adequate medical care when he was detained at the Robert N. Davoren Center ("RNDC") on Rikers Island. The Court construes the Complaint as also asserting federal claims under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973. Plaintiff may also be asserting state law claims, including state statutory claims under the New York City Human Rights Law, the New York State Human Rights Law, and New York Civil Rights Law Section 85, as well as common law claims for negligence. By Order dated October 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

For the reasons set forth below, the Court (1) denies Plaintiff's request to bring this action as a class action, dismisses any claims Plaintiff seeks to being on behalf of others, and construes the Complaint as asserting claims only on his own behalf; (2) dismisses Plaintiff's claims against the New York City Department of Correction ("NYC DOC") and adds the City of New York as a Defendant; and (3) requests that Defendants waive service of summons.

## I. Standard of Review

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

## II. Discussion

### A. Class Action and Claims on Behalf of Others

In the Complaint, Plaintiff attempts to bring this case as a class action, Dkt. 1 at 9, 14, and assert claims on behalf of others, *id.* at 18-19 (attaching to the Complaint a list of individuals on whose behalf he attempts to assert claims). As a nonlawyer, however, Plaintiff can only represent his own interests. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (quoting *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (observing that 28 U.S.C. § 1654 "does not

allow for unlicensed laymen to represent anyone else other than themselves"). Because Plaintiff is not a lawyer, he cannot bring either a class action or assert claims on behalf of other individuals.

The Court therefore denies Plaintiff's request to proceed with this case as a class action and dismisses any claims Plaintiff attempts to bring on others' behalf, without prejudice to those individuals. Should any of those individuals seek to bring claims on their own behalf, they may do so by filing a signed complaint, by either paying the filing fee or filing an application to proceed *in forma pauperis*, and, if incarcerated, by filing a prisoner authorization. The Court therefore construes the Complaint as asserting claims solely on Plaintiff's behalf.

**B. Claims Against NYC DOC**

Plaintiff names the NYC DOC/R.N.D.C. Bldg. as a Defendant. Dkt. 1 at 4. But the NYC DOC, as an *agency* of the City of New York, cannot be sued. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis omitted)); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Rather, as the New York City Charter makes clear, such claims must be directed at the City of New York. *See* N.Y.C. Charter § 396.

Therefore, in light of Plaintiff's *pro se* status and clear intention to sue the City of New York, the Court construes the Complaint as asserting claims against the City of New York.[2] The

[2] To the extent that Plaintiff seeks to sue the "R.N.D.C. Bldg." independently, the "R.N.D.C. Bldg." cannot be sued because a jail is not a person that may be sued under Section 1983. *See, e.g.*, *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (observing that "a jail is not an entity that is amenable to suit"); *Farray v. Riker's Island Corr.*

Court therefore directs the Clerk of Court to amend the caption of this action to add the City of New York as a Defendant and dismisses NYC DOC as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C. Waiver of Service**

The Clerk of Court is directed to electronically notify the NYC DOC and the New York City Law Department of this Order. The Court requests that the City of New York, former NYC DOC Commissioner Lynell Maginley Liddie, and RNDC Deputy Warden Charisma Carter waive service of summons.

## III. Conclusion

The Court denies Plaintiff's request to bring this action as a class action without prejudice. The Court also dismisses any claims Plaintiff seeks to bring on behalf of other individuals without prejudice to those individuals asserting claims on their own behalf or through counsel.

The Court dismisses Plaintiff's claims against the NYC DOC and R.N.D.C. Bldg. The Clerk of Court is directed to add the City of New York as a Defendant, and to terminate New York City Department of Correction/R.N.D.C. Bldg. as a Defendant.

The Clerk of Court is directed to electronically notify the NYC DOC and the New York City Law Department of this Order. The Court requests that the City of New York, former NYC DOC Commissioner Lynell Maginley Liddie, and RNDC Deputy Warden Charisma Carter waive service of summons.

---

*Facil.*, No. 12 Civ. 4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (reasoning that "Rikers Island Correctional Facility" is "a non-suable entity" because it is "not a 'person' within the meaning of [Section] 1983, and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is also directed to mail a copy of this Order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 12, 2026
New York, New York

JOHN P. CRONAN
United States District Judge